

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 22, 1970

Honorable Otis C. Shearer, III    Opinion No. M- 637
County Attorney of
  Lipscomb County                 Re:  Whether, in a county
P. O. Box 188                           having only one jail,
Booker, Texas 79005                     it is required that such
                                        county jail be located
Dear Mr. Shearer:                       at the county seat.

        Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part,
as follows:

        "In summary, we would ask your office
to give an opinion on the following question:

        "In a county which has only one jail, is it
required that such County Jail be located at the
county seat where the courthouse is also situated?"
(Emphasis added.)

        Article 1603, Vernon's Civil Statutes, provides as
follows:

        "The county commissioners court of each
county as soon as practicable after the establish-
ment of a county seat, or after its removal from
one place to another, shall provide a court house
and jail for the county, and offices for county
officers at such county seat and keep the same in
good repair."   (Emphasis added.)

Furthermore, Article 1605, Vernon's Civil Statutes, provides, in part, that:

"The County Judge, Sheriff, Clerks of the District and of the County Courts, County Treasurer, Assessor and Collector of Taxes, County Surveyor and County Attorney of the several counties of this State, shall keep their offices at the county seats of their respective counties..." (Emphasis added.)

Article 2370b, Section 1, Vernon's Civil Statutes, states in part:

"Whenever the Commissioners Court of any county determines that...the county jail is not adequate in size or facilities to properly confine prisoners and other persons who may be legally confined or detained in a county jail, the Commissioners Court may purchase...or otherwise acquire...(a) jail building or buildings (in addition to the existing...jail)...; and may purchase and improve the necessary site or sites therefor, and may use such building or buildings for any or all of such purposes, provided that any such building or buildings so acquired shall be located in the county seat..." (Emphasis added.)

In view of the foregoing statutes, it is the opinion of this office that, in a county having only one jail, the county jail must be located at the county seat.

## SUMMARY

In a county having only one jail, the county jail must be located at the county seat.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Otis C. Shearer, page 3 (M-637)


Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor Chairman
W. E. Allen, Acting Co-Chairman

William J. Craig
W. O. Shultz
Mike Stork
Sally Phillips

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant